## GEORGE W. COPLEY *v.* BONNER et al.

When the sheriff finds the judgment too vague and uncertain to enable him to execute a writ of possession, he cannot have recourse to the examination of witnesses. As was held in the case of *Williams* v. *Kelso*, 7 L. R. 408, that would be a new trial of the case before the sheriff.

When one sues for the possession of real property, in order to obtain a writ of sequestration, he must allege that he has been evicted, through violence, or that he has reason to apprehend that the defendant will make use of his possession to dilapidate or to waste the fruits of the property. C. P. 275.

In possessory actions, when possession is claimed under title, and the calls of the title are not natural, or at least visible and fixed, a survey of the land is of great assistance to a proper determination of the extent of the possession.

APPEAL from the District Court of the Parish of Morehouse, *Sharp*, J. *Morrison*, for plaintiff. *Baker*, for defendant. By the court:

ROST, J. This is a possessory action. The defendants severed in their defence, and separate verdicts were rendered against them. They have both appealed from the judgment rendered on the verdicts.

The judgment is, that the plaintiff be quieted in the possession of his property as claimed.

The appellants contend, that as it does not describe the property, the only legal mode to render it certain is by reference to the pleadings, and that as the description in the petition is extremely vague and uncertain, the judgment cannot be executed, and the case should be remanded. They rely in support of that position, on the cases of *Williams* v. *Kelso*, 7 L. R. 408, and 3 Mart., N. S. p. 7.

The description in the petition is as follows : "All that certain piece or parcel of land lying north and west of said road descending the Bayou Bartholomew, commencing at and where the road now leaves the bayou, just below the camp ground, and running down said road to where it strikes the Bayou Bartholomew below, about three-fourths of a mile, more or less, so as to include the small improvements made by *Wm. P. Theobald* and *John Perkins*, and to include all the land in the bend of the bayou north and west of said road, together with that under fence and now in cultivation by *A. D. Peck*, in corn ; together with all the possession and right of possession of the defendant, in the case of *George W. Coply* v. *A. D. Peck*, of all that tract of land lying west of said road, in the bend of the bayou, cultivated and uncultivated, improved and unimproved."

This description appears to us vague and indefinite. The designation of the starting point where the road leaves the bayou, as well as the location and extent of the improvements of *Theobald* and *Perkins*, are undoubtedly so. How is

the sheriff to ascertain from the copy of the judgment and of the petition, which are alone to guide him in executing the writ of possession, that the road and the improvements he may find, are the same which existed when the petition was filed? He could not ascertain this without the declaration of both parties to the suit, or in default of it, without examining witnesses, which, as the court held in the case of *Williams* v. *Kelso*, would be a new trial of the case before the sheriff.

Believing that the judgment cannot be executed, we are of opinion that the case must be remanded for further proceedings.

Writs of injunction and of sequestration were issued in this case. We are of opinion that the plaintiff did not make out a case for a sequestration. He does not allege that he has been evicted through violence, or that he has reason to apprehend that the defendants will make use of their possession to dilapidate or to waste the fruits of the property. C. P. 275. We deem it proper to state that in possessory actions, where possession is claimed under title, and the calls of the title are not natural, or at least visible and fixed boundaries, a survey of the land is of great assistance to a proper determination of the extent of the possession.

It is ordered, that the judgment in this case be reversed. It is further ordered, that the sequestration sued out in this case be set aside and avoided. It is further ordered, that the case be remanded for further proceedings, the plaintiff paying the costs of this appeal and of the sequestration.